FILED
CLERK, U.S. DISTRICT COURT
AUG 10 2026
CENTRAL DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
RUBEN CARBAJAL MARTINEZ,
Defendant.

Case No. 25-MJ-6862
ORDER OF DETENTION

I.

On August 10, 2026, Defendant Ruben Carbajal Martinez, assisted by a Spanish language interpreter, made his initial appearance on the criminal complaint filed in this case. Defendant stated that his true name is JOSE MARIO LOPEZ DOMINGUEZ. Deputy Federal Public Defender Michael Brown was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Chris Bulut. Defendant submitted on the recommendation of detention in the report prepared by Probation and Pretrial Services.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☐ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of

terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation prepared by United States Probation and Pretrial Services.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ No legal status in the United States, citizen of Honduras, with history of removals from the United States in 2001, 2006, 2008, and 2021.

☒ criminal history includes felony convictions for threats with intent to terrorize, drug related offenses, and illegal re-entry and law enforcement contacts for similar criminal conduct.

☒ Defendant failed to appear for a court date while on probation for a narcotics related conviction resulting in a probation revocation.

☒ no confirmed bail resources

☒ use of aliases, variations of his name and five dates of birth

☒ unverified background information

As to danger to the community:

☒ criminal history (see above)

☒ admitted use of methamphetamine

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.
[18 U.S.C. § 3142(i)]

Dated: August 10, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE